JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-10664 FMO (MARx)** | Date | **October 28, 2026** |
| Title | **Felicito Portillo v. Walmart Inc., et al.** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| | | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| None Present | None Present |

**Proceedings: (In Chambers) Order Re: Remanding Action**

On August 17, 2026, Felicito Portillo ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Walmart Inc., Wal-Mart Associates, Inc., and Eva Doe ("Doe") (collectively, "defendants"), alleging harassment, discrimination, and retaliation claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq.; as well as constructive wrongful termination in violation of public policy. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 7-8); (Dkt. 1, Exh. A, Complaint at ¶¶ 28-95). On September 18, 2026, Walmart Inc. and Wal-Mart Associates, Inc.(collectively, "Walmart" or "Walmart Entities") removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶¶ 1-6, 55-56). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (noting that a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-10664 FMO (MARx)** | Date | **October 28, 2026** |
| Title | **Felicito Portillo v. Walmart Inc., et al.** | | |

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[1] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties. Plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 12), whereas the Walmart Entities are citizens of Delaware and Arkansas for jurisdiction purposes. (See id. at ¶¶ 15-17). However, plaintiff alleges that defendant Doe is a citizen of California. (See Dkt. 1, Exh. A, Complaint at ¶ 4). Walmart asserts that Doe is a sham defendant and that her citizenship should therefore be disregarded. (See id. at ¶¶ 21-37).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, 889 F.3d at 548 (internal quotation marks omitted).

Here, Walmart fails to show that "plaintiff could not possibly recover against" Doe. See Mireles, 845 F.Supp.2d at 1063 (emphasis omitted). It is not enough to claim, as defendants do, that plaintiff's allegations against Doe are "not sufficiently severe or pervasive to support a harassment claim as a matter of law" and that the "[t]he sparse nature of the[] allegations further confirms that Plaintiff cannot state a viable harassment claim" against Doe. (See Dkt. 1, NOR at ¶¶ 25-26). In other words, even assuming plaintiff's claims against Doe are deficiently pled, there exists the possibility that plaintiff could salvage his claim through amendment. See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-10664 FMO (MARx)** | Date | **October 28, 2026** |
| Title | **Felicito Portillo v. Walmart Inc., et al.** | | |

essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants did not meet their "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant.]"). Under the circumstances, defendants have failed to meet their "heavy burden" of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Doe. See Grancare, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder.") (internal quotation marks omitted); see also Hamilton Materials, Inc., 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence."). In short, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Los Angeles County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer vdr